JASON J. BACH
Nevada Bar No. 7984
**THE BACH LAW FIRM, LLC**
7881 W. Charleston Blvd., Suite 165
Las Vegas, Nevada 89117
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email: jbach@bachlawfirm.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE COX, individually, and as parent and next friend of M.C., | Civil Action No. 2:20-cv-01792-JCM-DJA |
| *Plaintiffs*, | **STIPULATION AND ORDER TO EXTEND THE INITIAL EXPERT DISCLOSURE AND REBUTTAL EXPERT DISCLOSURE DEADLINES (THIRD REQUEST)** |
| v. | |
| RYAN LEWIS, individually, and in his official capacity; JORGE PALACIOS, individually, and in his official capacity; and CLARK COUNTY SCHOOL DISTRICT, | |
| *Defendants*. | |

Pursuant to LR IA 6-1, LR IA 6-2 and LR 26-3, Michelle Cox ("Mrs. Cox"), individually, and as parent and next friend of M.C. (collectively, "Plaintiffs") and Defendants Ryan Lewis, Jorge Palacios, and Clark County School District ("CCSD," collectively with Mr. Lewis and Ms. Palacios, the "Defendants"), by and through their respective counsel of record, hereby stipulate and request that this Court extend the Initial Expert Disclosures and the Rebuttal Expert Disclosures, as set forth in the Order [Docket No. 25] granting the parties' Stipulation to Extend Discovery Deadlines (Second Request), entered in the above-captioned case, seven (7) days as

outlined herein.  This Stipulation is being entered in good faith and not for purposes of delay.  In support of this stipulation and request, the parties state as follows:

**I.     COMPLIANCE WITH LR IA 6-1**

This is the third stipulation for the extension of the parties' Initial Expert Disclosures and the Rebuttal Expert Disclosures deadlines.

**II.    COMPLIANCE WITH LR 26-3**

LR 26-3 governs modifications of extensions of the Discovery Plan and Scheduling Order. Per LR 26-3, any stipulation or motion must be made no later than 21 days before the expiration of the subject deadline and comply fully with LR 26-3.   Considering the December 31, 2021, expert disclosure deadline is the next pertinent deadline, the parties are making this request less than 21 days before that related deadline but more than 21 days before the rebuttal expert disclosure deadline for which the Parties are seeking an extension.  The Parties have complied with the remaining 26-3 requirements below.

**A.     DISCOVERY COMPLETED**

**PLAINTIFFS' DISCOVERY**

1.     On January 26, 2021, Plaintiffs disclosed their Rule 26(a)(1) Initial Disclosure of Witnesses and Documents;

2.     On April 12, 2021, Plaintiffs disclosed their Rule 26(a)(1) Supplemental Disclosure of Witnesses and Documents;

3.     On April 12, 2021, Plaintiff Michelle Cox served her Responses to Defendants' First Set of Interrogatories, First Requests for Production and First Request for Admissions;

4.     On April 12, 2021, Plaintiff M.C. served their Responses to Defendants' First Set of Interrogatories and First Requests for Production;

5. On April 12, 2021, Plaintiff Michelle Cox served her First Set of Interrogatories and First Request for Production upon Defendant Clark County School District;

6. On April 12, 2021, Plaintiff Michelle Cox served her First Set of Interrogatories and First Request for Admissions upon Defendant Ryan Lewis;

7. On April 12, 2021, Plaintiff Michelle Cox served her First Set of Interrogatories and First Request for Admissions upon Defendant Jorge Palacios;

8. On June 8, 2021, Plaintiffs served their Responses to Defendants' Second Set of Interrogatories;

9. On June 8, 2021, Plaintiffs disclosed their Rule 26(a)(1) Second Supplemental Disclosure of Witnesses and Documents;

10. On June 16, 2021, Plaintiff Michelle Cox served her Responses to Defendants' Second Requests for Production;

11. On June 16, 2021, Plaintiffs disclosed their Rule 26(a)(1) Third Supplemental Disclosure of Witnesses and Documents;

12. On August 9, 2021, Plaintiff Michelle Cox attended her independent medical examination with Defendant's expert witness, Dr. Lewis Etcoff;

13. On August 11, 2021, Plaintiff M.C. attended their independent medical examination with Defendant's expert witness, Dr. Lewis Etcoff;

14. On October 13, 2021, Plaintiff took the deposition of Defendant Ryan Lewis;

15. On October 13, 2021, Plaintiff took the deposition of Defendant Jorge Palacios; and

16. On October 14, 2021, Plaintiff took the deposition of Dr. Tammy Malich

17. On November 18, 2021, Plaintiffs disclosed their Rule 26(a)(1) Fourth Supplemental Disclosure of Witnesses and Documents.

**DEFENDANTS' DISCOVERY**

1. On January 26, 2021, Defendants disclosed their Initial Disclosure of Witnesses and Documents;

2. On February 24, 2021, Defendants served their First Request for Admissions, First Set of Interrogatories and First Request for Production of Documents upon Plaintiff Michelle Cox;

3. On February 24, 2021, Defendants served their First Set of Interrogatories and First Request for Production of Documents upon Plaintiff M.C.;

4. On April 29, 2021, Defendants served their Second Set of Interrogatories upon Plaintiffs;

5. On May 17, 2021, Defendants served their Second Request for Production of Documents upon Plaintiff Michelle Cox;

6. On May 26, 2021, Defendants disclosed their First Supplemental Disclosure of Witnesses and Documents;

7. On May 27, 2021, Defendants Jorge Palacios and Ryan Lewis served their Responses to Plaintiff Michelle Cox's First Request for Admissions;

8. On June 9, 2021, Defendant CCSD served its Answers to Plaintiff Michelle Cox's First Set of Interrogatories;

9. On June 11, 2021, Defendants Jorge Palacios and Ryan Lewis served their Responses to Plaintiff Michelle Cox's First Set of Interrogatories;

10. On June 29, 2021, Defendants disclosed their Second Supplemental Disclosure of Witnesses and Documents;

11. On July 19, 2021, Defendant CCSD served its Responses to Plaintiff Michelle Cox's Request for Production of Documents;

12. On July 27, 2021, Defendants disclosed their Third Supplemental Disclosure of Witnesses and Documents;

13. On August 4, 2021, Defendants disclosed their Fourth Supplemental Disclosure of Witnesses and Documents;

14. On August 9, 2021, Defendants disclosed their Fifth Supplemental Disclosure of Witnesses and Documents;

15. On August 27, 2021, Defendants disclosed their Sixth Supplemental Disclosure of Witnesses and Documents; and

16. On September 22, 2021, Defendants disclosed their Seventh Supplemental Disclosure of Witnesses and Documents.

17. On October 20, 2021, Defendants disclosed their Eighth Supplemental Disclosure of Witnesses and Documents, which provided a copy of Dr. Lewis M. Etcoff's Forensic Psychological Evaluation.

**B.  DISCOVERY THAT REMAINS TO BE COMPLETED**

1. Expert Disclosures
2. Rebuttal Expert Disclosures
3. Possible Expert Depositions
4. Depositions of Plaintiffs
5. Additional witness depositions
6. Other discovery the parties deem necessary as the case progresses.

This recitation of remaining discovery to be completed is not intended to be all inclusive but is merely set forth to inform the Court of discovery that remains to be completed.

C. **PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DEADLINES**

|  | Current Deadline | Proposed New Deadline |
|---|---|---|
| Amend Pleadings and Add Parties | July 2, 2021 | **Past/Unchanged** |
| Initial Expert Disclosures | **December 31, 2021** | **January 7, 2022** |
| Rebuttal Expert Disclosures | **January 31, 2022** | **February 7, 2022** |
| Discovery Cut-Off | **February 28, 2022** | **Unchanged** |
| Dispositive Motions | **April 1, 2022** | **Unchanged** |
| Pretrial Order | **May 2, 2022** | **Unchanged** |

D. **SPECIFIC DESCRIPTION OF WHY EXTENSION IS NECESSARY**

Pursuant to Local Rule 26-3, the Parties submit that good causes exists for the extension requested. The Parties have been diligently conducting discovery and continue to conduct discovery.

FRCP 6(b)(1) governs extensions of time and indicates:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*See* FRCP 6(b)(1). Under Rule 6, good cause is not a high standard and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010) (Rule 6 "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."); *see also Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Also, when considered in the scope of actual motions to extend, which this is not, good cause exists if the deadline could not have reasonably been met despite the diligence of party seeking the extension. *Carlovsky v. Ditech Fin., LLC*, CV01051APGVCF, 2020 WL 6808767, at *4 (D. Nev. Nov. 19, 2020) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, the "district court has

1  wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.
2  1988).
3        Here, the Parties believe they have satisfied the good cause requirement.  Due to an
4  unforeseen illness of Plaintiff's Expert Witness, Plaintiff's counsel is requesting a seven (7) day
5  extension for the Parties to file their Initial Expert and Rebuttal Expert Disclosures.
6        The Parties have conferred about the extension of the expert witness disclosure deadlines
7  and related timing.  Based on the proposed extension, the Parties believe they will have sufficient
8  time to maintain all other discovery deadlines.  Further, this request for an extension of time is not
9  sought for any improper purpose or to delay.  Moreover, there is no danger of prejudice; the
10 extension is short; and, the extension will not negatively impact the judicial proceedings, especially
11 considering ongoing COVID-19 circumstances.  Thus, the Parties respectfully submit that the
12 reasons set forth above constitute good cause for the extension of the Initial Expert and Rebuttal
13 Expert Disclosures.
14       WHEREFORE, the parties respectfully request that this court extend the discovery
15 deadlines as outlined in accordance with the table above.
16 ///
17 ///

**IT IS SO STIPULATED AND AGREED.**

Dated this 29th day of December, 2021.

THE BACH LAW FIRM, LLC

By: */s/ Jason J. Bach*
    Jason J. Bach
    Nevada Bar No. 7984
    7881 W. Charleston Blvd., Suite 165
    Las Vegas, NV 89117
    *Attorneys for Plaintiff*

Dated this 29th day of December, 2021.

MARQUIS AURBACH COFFING

By: */s/ James A. Beckstrom*
    Craig R. Anderson
    Nevada Bar No. 6882
    James A. Beckstrom
    Nevada Bar No. 14032
    Jackie V. Nichols
    Nevada Bar No. 14246
    10001 Park Run Drive
    Las Vegas, Nevada 89145

    Clark County School District
    Office of the General Counsel
    Crystal J. Herrera
    Nevada Bar No. 12396
    5100 West Sahara Avenue
    Las Vegas, Nevada 89146
    *Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED this 3rd day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE