**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Michelle Cox, et al., | Case No. 2:20-cv-01792-JCM-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Ryan Lewis, et al., | |
| Defendants. | |

Before this Court are two motions to seal.

First is Defendants' motion seeking to redact portions of their motion for summary judgment and to seal several attached exhibits.[1] ECF No. 58. No opposition has been filed.

Next is a similar motion by Plaintiffs seeking to seal exhibits filed in response to Defendants' motion for summary judgement. ECF No. 65.[2] Given the similarity between this motion and Defendants' motion at ECF No. 58, the Court does not anticipate an opposition. Nevertheless, should one exist, this Court will certainly reconsider this order.

This Court applies the caselaw below to each of the motions addressed in this order.

**I.  Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full

---

[1] The motion for summary judgment is filed at ECF No. 59. The sealed exhibits are at ECF Nos. 60-61.
[2] The sealed exhibits are filed at ECF Nos. 67-70.

presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

    **A.**    **Compelling reasons exist to redact portions of Defendants' motion for summary judgment and to seal certain exhibits**

Defendants seek to redact portions of their motion for summary judgement and to seal several exhibits that discuss sensitive employment and medical information, as well as information subject to the Family Education Rights and Privacy Act (20 U.S.C. § 1232g).

1  Because these documents are attached to a matter that is more than tangentially related to
2  the merits of the case, the Court applies the compelling reasons standard. *See Ctr. for Auto Safety*,
3  809 F.3d at 1099.
4  Here, the Court finds that Defendants have demonstrated compelling reasons to seal the
5  documents in question, as they detail Plaintiffs' employment and medical history. "This Court,
6  and others within the Ninth Circuit, have recognized that the need to protect medical privacy
7  qualifies as a 'compelling reason' for sealing records, since medical records contain sensitive and
8  private information about a person's health." *Pirtle v. Rosa*, Case No. 3:21-CV-0324-MMD-CLB,
9  2021 WL 4810330, at *1 (D. Nev. Oct. 14, 2021) (citing cases); *Seals v. Mitchell*, 2011 WL
10 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (granting motion to seal employment and personnel
11 records because of a need for confidentiality); *Cross v. Jaeger*, 2016 WL 4499414 (D. Nev. Aug.
12 26, 2016) (upholding magistrate judge's determination that compelling reasons existed to prevent
13 public disclosure of confidential personnel and employment records).
14 As a result, Defendants' motion at ECF No. 58 will be granted.
15 **B.   Compelling reasons exist to seal the exhibits referenced in Plaintiffs' response
        to the motion for summary judgment**
16
17 Plaintiffs seeks to seal several exhibits filed in connection with their response to
18 Defendants' motion for summary judgement. ECF No. 65.
19 Because these documents are attached to a matter that is more than tangentially related to
20 the merits of the case, the Court applies the compelling reasons standard. *See Ctr. for Auto Safety*,
21 809 F.3d at 1099.
22 For the same reasons articulated above, and based on the same legal authority, Plaintiffs
23 have demonstrated compelling reasons to seal the exhibits in question.
24 As a result, Plaintiffs' motion at ECF No. 65 will be granted.
25 **II.   Conclusion**
26 **IT IS THERERFORE ORDERED** that Defendants' Motion to Seal at ECF No. 58 is
27 **GRANTED**. The Clerk of Court is directed to maintain under seal the exhibits at ECF Nos. 60-
28 61.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal at ECF No. 65 is **GRANTED**. The Clerk of Court is directed to maintain under seal the exhibits at ECF Nos. 67-70.

DATED: October 18, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE